CORDOVA L. PENISTON, EXECUTOR OF THE LAST WILL AND
TESTAMENT OF MAY BUCKINGHAM, DECEASED,

*v.*

STATE OF ILLINOIS.

*Opinion filed December 17, 1914.*

1. INHERITANCE TAX—*facts held sufficient to justify an award.*
In this case the executor prayed an appeal from the order of the
county judge fixing the tax to the county court, which court reduced
the tax; thereupon, the State appealed to the Supreme Court, and
the Supreme Court, in effect, sustained the county court. (*People* v.
*Peniston*, 262 Ill., 191.)

2. PRACTICE—*claims filed subsequent to May 1.* Where a claim
is not filed prior to the first day of May, the Court may hear the
same at the following October session, in case the State enters its
appearance and consents to a hearing.

Holt, Cutting and Sidley, for Claimant.
P. J. Lucey, Attorney General, and Arthur R. Roy, Assist-
ant Attorney General, for State.

Cordova L. Peniston, as executor of the last will and
testament of May Buckingham, deceased, has filed in
this cause a claim for refund of $4,622.96, on account
of over-payment of inheritance tax. May Buckingham
died testate in Chicago, on October 20, 1912. Her will
was duly admitted to probate, and it contained, among
others, the provision, that all inheritance and succes-
sion taxes should be paid out of the general estate, and
that none of the specific legacies or bequests should be
diminished by the deduction of any sum for such taxes.
An inheritance tax appraiser was appointed, and he
duly made report, which was confirmed and approved
by the county judge of Cook County, April 17, 1913.
This report found the fair market value of the real
estate at $107,450.00, and of the entire estate of $425,-
663.24, and the total tax was fixed at $20,026.87.

For the purpose of saving five per cent discount, if
payment be made within six months of decedent's

death, the executor paid this tax, less the discount, or $19,025.53, to the county treasurer of Cook County on April 18, 1913, under protest.

An appeal was taken from the order of the county judge to the county court, and on July 24, 1913, that court entered an order placing the value of the real estate at $99,450.00, but not changing the finding as to the value of personal property. The tax, however, on the several bequests and devises in the will was found by the order of the county court to be $15,587.94, instead of the amount fixed by the county judge.

The State of Illinois then appealed to the Supreme Court and the case was there reversed and remanded to the county court (*People* v. *Peniston*, 263 Ill., 191), whereupon, additional evidence being heard, the latter court entered a decree on July 22, 1914, again finding the values of the property as previously fixed and finding also that the tax of $20,026.87 fixed by the county judge, was excessive, unreasonable and unjust and finding also, that the tax that should have been paid on April 18, 1913, was $14,855.00, being the tax as fixed, $15,587.94, less five per cent. This order of the county court stands as a final order.

Claimant has in all particulars complied with all requirements of the law with reference to securing a refund of the tax erroneously paid. No appropriation has been made by the legislature to cover this case, but it is a just and valid claim against the State.

It does not appear that the county treasurer has deducted anything for collection charges, and apparently the entire amount originally paid by claimant, is now in the hands of the State Treasurer.

This suit was not begun prior to May 1, 1914, as provided by the Court of Claims Act, so that a hearing might be had at this term, but the State has entered its appearance, and as we construe the law, we have jurisdiction to hear and determine this cause.

It is the judgment of this Court, that claimant be awarded the difference between the amount erroneously paid and the amount that he should have paid on the date payment was made, and accordingly, as executor of the said estate, he is awarded the sum of $4,216.98.